UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WAYNE WHEAT, *et al.*,  :  Case No. 3:11-cv-28
    Appellants,  :  Judge Timothy S. Black
vs.  :
JOHN PAUL RIESER, TRUSTEE,  :
    Appellee.  :

## DECISION AND ENTRY AFFIRMING
## THE ORDERS OF THE BANKRUPTCY COURT

This case is an appeal from the United States Bankruptcy Court for the Southern District of Ohio. Appellants, Wayne Wheat and the House of Wheat Funeral Home, appeal the Bankruptcy Court's Judgment Entry and Order Denying their Motion to Set Aside Judgment. This Court has jurisdiction pursuant to 28 U.S.C. § 158.

### I. BACKGROUND

This adversary proceeding was originally filed in the Bankruptcy Court in May 2002, by the Trustee John Paul Rieser ("Appellee"), against multiple Defendants, including Wayne L. Wheat and the House of Wheat Funeral Home (hereinafter referred to as "Appellants"). While this appeal focuses almost exclusively on the procedural history of the adversary proceeding within the last two to three years, the more distant procedural history of the case, including the underlying bankruptcy matter, is set forth in more detail by the Sixth Circuit Bankruptcy Appellate Panel decision in *Rieser v. Dinsmore & Shohl, LLP (In re Troutman Enterprises, Inc.)*, 356 B.R. 786 (6th Cir. BAP 2007).

Initially, Appellants were represented in the adversary proceeding by Attorney Derek Farmer. However, in April 2005, Mr. Farmer moved to withdraw as counsel of

record, and the Bankruptcy Court later granted that motion. (See Bankruptcy Docket Text Nos. 114, 115). Thereafter, Appellants proceeded without counsel in the adversary proceeding.

While not represented by counsel, Appellants essentially failed to participate in the litigation by not attending scheduled pretrial conferences, by not participating in a Rule 26(f) conference, and by not responding to certain discovery requests propounded by Appellee. (Bankruptcy Court Docs. 203, 231).[1] The Bankruptcy Court succinctly summarized Appellants' lack of participation in the litigation as follows:

> On February 9th, 2009, the Court issued an order setting a status conference on the Troutman estate case and a pretrial conference in this adversary proceeding. That order required all counsel involved in the adversary proceeding to attend, and invited, but did not require other parties to attend.
>
> The Wheat Defendants, then unrepresented, failed to participate in the March 17th, 2009 conference.
>
> On March 17, 2009, after the conference, the Court entered an order, as Document 154, which required each party hold a mandatory Civil Rule 26(f) conference and file preliminary pretrial statements not later than April 17, 2009.
>
> The order scheduled a further pretrial conference for May 14th, 2009 and stated in pertinent part as follows:
>
> "Each party shall be prepared to specifically discuss proposed dates for [certain deadlines]:
>
> . . .
>
> "Failure of an attorney or any pro se party to appear at any scheduled

---

[1] These documents were not originally part of the record on appeal. Nevertheless, the parties cite these documents throughout their briefing on appeal. Accordingly, the Court takes judicial notice of these documents and their contents and supplements the record. *See Musilli v. Droomers*, 398 B.R. 447, 453 (E.D. Mich. 2008) (stating that, not only is "[a] district court . . . authorized to supplement the record in a bankruptcy appeal, and to take judicial notice of appropriate evidence[,]" it "may also take judicial notice of proceedings before other federal courts and state courts of record").

> pretrial conference, or otherwise comply with provisions of this order, may result in dismissal of the proceeding or matter, a default judgment, or such other remedy as may be appropriate."
>
> The Wheat Defendants, still unrepresented, failed to participate in the May 14th, 2009 conference and failed to file a pretrial statement.
>
> Further, the Trustee indicated a Rule 26(f) conference did not occur with the Wheat Defendants because the Trustee did not have a working phone number for them, see Document 158.
>
> On May 20th, 2009 the Court entered another pretrial order, this time scheduling a pretrial conference for August 13th, 2009, see Document 161.
>
> This order set specific discovery cutoff dates, and noted in bold and underlined text that "Failure of an attorney or any pro se party to appear at any scheduled pretrial conference or otherwise comply with provisions of this order may result in dismissal of the proceeding or matter, a default judgment, or such other remedy as may be appropriate."
>
> On August 13th, 2009, the Wheat Defendants, still unrepresented, did not participate in the pretrial conference. See docket entry for pretrial conference held on August 13th, 2009.
>
> That same day, the Court issued an order extending the discovery guidelines, scheduling the trial of this proceeding for April 29th, 2010, and a final pretrial for April 22nd, 2010, see Document 163.
>
> In a March 5th, 2010 order, the court rescheduled the final pretrial conference for May 13th, 2010 and the trial for May 20th, 2010, see Document 175.

(See Bankruptcy Docket 231).

On May 10, 2010, days before the final pretrial conference, Mr. Farmer re-entered his appearance on behalf of Appellants and filed a motion to continue the final pretrial conference and the trial date. (Doc. 1-8). Notably, that Notice of Appearance listed Mr. Farmer's mailing address as P.O. Box 30083. Gahanna, Ohio 43230, and listed his current

email address as attorneyderekfarmer@yahoo.com (hereinafter "Yahoo email address"). (*Id.*) The email address listed on the Notice of Appearance did not match the email address formally associated with Mr. Farmer on the Court's CM/ECF system.

Before filing the Notice of Appearance, Mr. Farmer called the Clerk's Office to obtain his CM/ECF password so that he could access the CM/ECF system and file the Notice of Appearance and his motion to continue. (Doc. 1-15). Apparently, upon accessing the CM/ECF system, Mr. Farmer did not update his contact information through the CM/ECF system as explained in the Bankruptcy Court's CM/ECF User's Reference Manual, which is accessible from the Bankruptcy Court's website.[2] Nevertheless, according to Mr. Farmer, during his conversation with the Clerk to retrieve his CM/ECF password, he provided the above stated contact information to the Clerk over the phone. (Doc. 1-15). However, despite his efforts in this regard, Mr. Farmer's Yahoo email address was never updated in the CM/ECF system, and, instead, the system continued to list his former email address, farmerlaw@sbcglobal.net, as the proper email address for notification purposes.

On May 11, 2010, the Courtroom Deputy for the Bankruptcy Court sent an e-mail to Mr. Farmer's Yahoo email address informing Mr. Farmer that the Court received his motion to continue, that the Court would not continue the final pretrial conference set for May 13, 2010, but would entertain the request to continue trial during the final pretrial conference. (Doc. 1-21).

---

[2] http://www.ohsb.uscourts.gov/ECF_Home/ECF_Users_Manual/ECF_Users_manual.aspx

-4-

During the final pretrial conference, the Bankruptcy Court entertained and orally granted Appellants' motion to continue the trial date. (Doc. 1-15). The Bankruptcy Court also conferred with all counsel and reset trial for August 12, 2010, a date for which Mr. Farmer specifically confirmed his availability. (*Id.*) Specifically, the Bankruptcy Court asked Mr. Farmer whether he could try the case beginning on August 12, 2010, to which Mr. Farmer responded, "[t]hat's great, Your Honor." (*Id.*) The Bankruptcy Court then stated, "[o]kay. Let's set - - then continue the trial to August 12th. Let's start it August 12th, and we'll continue until it's completed." (*Id.*) The Bankruptcy Court also had the following exchange with Mr. Farmer:

> THE COURT: We will set another date for you, Mr. Farmer, to file your witness list, and exhibit list, and exhibits. Let's make that Friday, July 30th to file your witness list and exhibit list if you're going to have -- call any witnesses or introduce any exhibits, in addition to actually filing the exhibits electronically. Okay, Mr. Farmer?
>
> MR. FARMER: Thank you, Judge, I got that.

(*Id.*) Thereafter, the Bankruptcy Court stated its intent to formally docket an Order reflecting the continuance and setting certain deadlines. (*Id.*)

On May 14, 2010, the Bankruptcy Court formally docketed an Order Granting Appellant's motion to continue trial. (Doc. 1-10). The Bankruptcy Court separately docketed the formal Order confirming the trial date set orally at the final pretrial conference, as well as the deadline for filing witness/exhibits lists. (Doc. 1-11). A copy of the Order resetting the trial date and setting the witness and exhibit list deadline was mailed to the parties, and in particular, "Derek A. Farmer, P.O. Box 30083, Gahanna, Ohio 43230[,]" *i.e.*, the mailing address specifically listed on Mr. Farmer's Notice of

Appearance. (*Id.*) The Order was also emailed to Mr. Farmer's former email address, farmerlaw@sbcglobal.net, but was not emailed to Mr. Farmer's current Yahoo email address. According to Mr. Farmer, he never received the Order from the Bankruptcy Court, either by mail or email.[3]

At some point following the final pretrial conference, Mr. Farmer admittedly forgot about the scheduled trial in the adversary proceeding and, therefore, he never calendared the trial date. Mr. Farmer attributes this failure to never having received the Bankruptcy Court's Order formally resetting the trial date, either by mail or by email notification through the CM/ECF system.

Thereafter, Mr. Farmer became immensely involved with other cases. In July 2010, Mr. Farmer was scheduled to appear at trial on behalf of a defendant in a criminal case in the Athens County, Ohio Court of Common Pleas. However, at that same time, Mr. Farmer represented a different defendant in a criminal case pending before the Honorable United States District Judge Walter H. Rice in the Southern District of Ohio. The criminal trial in Athens County was continued so that Mr. Farmer could appear at trial and defend the criminal case pending before Judge Rice. Though Judge Rice offered to personally contact other judges and to assist Mr. Farmer in requesting continuances of all matters conflicting with Mr. Farmer's criminal case pending in the District Court, Mr.

---

[3] A sworn Certificate of Notice was filed with the Bankruptcy Court on May 19, 2010, showing that the Order "Rescheduling Trial as to Defendants Wayne Wheat and the House of Wheat Funeral Home Inc." was sent via first class mail to "Derek Farmer, PO Box 30083, Gahanna, OH 43230-0083." (Bankruptcy Docket No. 189). The Court hereby takes judicial notice of this document and supplements the record on appeal. *See Musilli*, 398 B.R. at 453 (stating that, not only is "[a] district court . . . authorized to supplement the record in a bankruptcy appeal, and to take judicial notice of appropriate evidence[,]" it "may also take judicial notice of proceedings before other federal courts and state courts of record").

-6-

Farmer contends that, because he simply forgot about trial in this case,[4] as well as his obligations in another case, he never availed himself of Judge Rice's assistance and never moved for a continuance of trial in the adversary proceeding.

The criminal trial before Judge Rice recessed on July 23, 2010. Thereafter, Mr. Farmer traveled to Athens County, Ohio and defended the criminal trial in that court from August 3, 2010 until August 16, 2010. (Doc. 3). During the time Mr. Farmer was in Athens County, he and Appellants failed to appear for trial in the Bankruptcy Court on August 12, 2010. Further, Appellants filed no witness or exhibit lists with the Bankruptcy Court as required by that Court's Order. (Doc. 1-11).

When Appellants and Mr. Farmer failed to appear for trial in the Bankruptcy Court, the Bankruptcy Court placed text on the docket that read:

> Trial of adversary proceeding as to remaining defendants Wayne Wheat and the House of Wheat Funeral Home Inc. (the "Wheat Defendants") commenced on August 12, 2010 at 9:30 a.m. The Plaintiff, John Paul Rieser, and counsel for the Plaintiff, Patricia J. Friesinger, appeared at the time of the trial. However, neither the Wheat Defendants nor counsel for the Wheat Defendants was in attendance. A judgment entry in favor of the Plaintiff is forthcoming.

(Doc. 1-12). Notice of the docket text was emailed to, among other recipients, Mr. Farmer at farmerlaw@sbcglobal.net. (*Id.*)

On September 10, 2010, the Bankruptcy Court docketed a Judgment Entry against Appellants, which granted judgment in favor of Appellees and against Wayne Wheat in the amount of $13,198.13, plus interest and costs, and against the House of Wheat

---

[4] While having allegedly forgotten about the trial date of the adversary proceeding, Mr. Farmer did not completely forget about the adversary proceeding altogether. In fact, in the months and weeks leading up to the scheduled trial date, Mr. Farmer emailed opposing counsel on July 8, 2010 and July 27, 2010 to inquire about settlement. (Doc. 1-23). Further, there is no dispute that on or about August 9, 2010, mere days before trial, Mr. Farmer called opposing counsel and informed her, via voicemail message, that if the case were to go to trial, he would have to obtain substitute counsel. (Doc. 1-15).

Funeral Home in the amount of $26,801.87, plus interest and costs. (Doc. 1-13). The Bankruptcy Court determined that Appellee was "entitled to Judgment on the merits" based on certain facts deemed admitted by Appellants, as well as "the presentation of the Trustee/Plaintiff at the trial held in this matter on August 12, 2010[.]" (*Id.*) Further, the Bankruptcy Court determined that Appellee was "also entitled to judgment by default" as a result of Appellants' failure "to submit witnesses or exhibits (in list form or otherwise) in accordance with the Trial Order and further failed to appear at the trial of this matter or to otherwise seek a further continuance of the scheduled trial[.]" (*Id.*)

On or about September 22, 2010, Mr. Farmer finally became aware of the Judgment Entry against Appellants, and thereafter, moved to set aside the judgment pursuant to Fed. R. Civ. P. 60(b). The Bankruptcy Court denied Appellants' Motion to Set Aside by an Order docketed November 18, 2010. (Doc. 1-18). Appellants now appeal.

## II. ANALYSIS

Appellants argue that the Bankruptcy Court erred in granting default judgment against them as a result of their failure to appear at trial and further erred in denying their Motion to Set Aside Judgment. As set forth below, the Court finds that the Bankruptcy Court did not abuse its discretion.

### A. **Default Judgment**

With regard to Appellants' first contention that the Bankruptcy Court erred in awarding default judgment as a result of their failure to attend trial, the Court notes that, while Appellants' failure to appear at the time of trial factored in the Court's issuance of default judgment against them, it was not the sole reason supporting default. The Judgment Entry also states that default was justified based upon Appellants failure to file

-8-

exhibit and witness lists with the Court. (Doc. 1-13).

The Court also notes that the grant of default judgment was only an alternative basis for judgment in favor of Appellee and against Appellants. Significantly, the Bankruptcy Court also entered "Judgment on the merits" based upon Appellees "presentation . . . at the trial held in this matter on August 12, 2010"[5] and admissions resulting from Appellants' failure to respond to requests for admission.[6] (Doc. 1-13). *See Silberman v. Wigod*, 914 F.2d 260 (7th Cir. 1990) (concluding that, where defendants failed to appear at trial despite proper notice and court required plaintiff to prove claims at trial, judgment thereafter entered "on the merits" was not a default judgment, and was not entered in error). Appellants only assert error in the entry of default judgment, have never asserted error in the Bankruptcy Court's entry of "Judgment on the merits" and have never moved to withdraw the admissions pursuant to FRCP 36(b).

Specifically with regard to the Bankruptcy Court's imposition of judgment by default, the Sixth Circuit has noted that "[i]t is well established that courts have inherent power to dismiss and/or enter a default when a party disobeys a court order or otherwise interferes with the efficient administration of justice." *Smith v. Comm'r of Internal Revenue*, 926 F.2d 1470, 1475 (6th Cir. 1991) (citations omitted); *see also Grossman v.*

---

[5] A transcript of the trial in the Bankruptcy Court on August 12, 2010 was not made part of the record on appeal and has not been transcribed and filed on the docket in the adversary proceeding. Accordingly, it is not available for this Court's review. Regardless, to date, Appellants have not taken issue with any of the Bankruptcy Court's findings as set forth in its Order dated September 10, 2010, other than the Bankruptcy Court's conclusion that Appellee "is also entitled to judgment by default."

[6] Pursuant to Fed. R. Civ. P. 36, made applicable to adversary proceedings by FRBP 7036, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Matters admitted are "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). "Where no response is made to requests for admissions, the party making the requests is entitled to rely thereupon and no further proof is required to be made of the facts thus admitted." *Mangan v. Broderick & Bascom Rope Co.*, 351 F.2d 24, 28 (7th Cir. 1965).

*Smart*, 73 F.3d 364 (7th Cir. 1995). Further, pursuant to FRCP 16(f)(1)(C), made applicable to adversary proceedings by FRBP 7016, "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Sanctions authorized by FRCP 37(b) include "rendering a default judgment against the disobedient party[.]" FRCP 37(b)(2)(A)(vi); *see also Lindsay v. United States Veterans Admin.*, 825 F.2d 411, n1 (6th Cir. 1987); *Reece v. Langford*, 798 F.2d 1415 (6th Cir. 1986).

"The trial court's imposition of appropriate sanctions is reviewable under an abuse of discretion standard." *Reece*, 798 F.2d at 1415 (citing Fed.R.Civ.P. 16(f) Advisory Committee Note; *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976)). In determining whether the Bankruptcy Court properly exercised its discretion in imposing default judgment against Appellants, the Court considers four factors, "namely: (1) whether the non-moving party's failure . . . was due to willfulness, bad faith, or fault; (2) whether the nonmoving party's failure to cooperate caused prejudice to the adversary; (3) whether the non-moving party was warned that its conduct could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered." *Whited v. Motorist Mut. Ins. Co.*, No. 08-10653, 2010 WL 3862717, at *18 (E.D. Mich. Sept. 28, 2010) (citing *Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988)). "No single factor is dispositive; however, dismissal is appropriate if the district court finds 'a clear record of delay or contumacious conduct.'" *Id.* (citing *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir.2008)).

Here, there is a clear record of delay by Appellants. As set forth above, while not represented by counsel, Appellants essentially failed to participate in the litigation by not attending scheduled pretrial conferences, by not participating in a Rule 26(f) conference,

and by not responding to certain discovery requests propounded by Appellee. (See Bankruptcy Docket 203, 231). Counsel's subsequent failure to appear at trial and to submit exhibit/witness lists exacerbated this previous record of delay. The foregoing extensive and clear record of delay supports the Bankruptcy Court's imposition of default judgment. Therefore, Appellants' contention in this regard is without merit.

Accordingly, based on all of the foregoing, Appellant's assertion that Bankruptcy Court erred in entering default judgment is without merit

### B. Relief From Judgment

The Court next addresses Appellant's contention that the Bankruptcy Court erred in denying their Motion to Set Aside Judgment. The denial of a motion for relief from judgment pursuant to FRCP 60(b) is a matter submitted to the sound discretion of the trial court and will not be disturbed by a reviewing court absent an abuse of discretion. *In re Salem Mortg. Co.*, 791 F.2d 456, 459 (6th Cir. 1986).

Pursuant to FRCP 60(b), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for" a limited number of reasons, including "mistake, inadvertence, surprise or excusable neglect[.]" With regard to motions seeking relief from default judgment, courts consider: "(1) whether plaintiff will be prejudiced if the judgment is vacated; (2) whether the defendant had a meritorious defense; and (3) whether culpable conduct of the defendant led to the default." *In re Sterling Rubber Products Co.*, No. 04-0890, 2006 WL 348143, at *5 (6th Cir. BAP 2006) (citing *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir.1983)).

The party seeking relief "must demonstrate first and foremost that the default did not result from his culpable conduct." *Id.* To meet this burden, the party seeking relief

must demonstrate "'that his default was the product of mistake, inadvertence, surprise, or excusable neglect.'" *Id.* (citing *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir.1992)). "[O]nly if the moving party makes this showing" must the district court proceed to consider the other factors. *Id.*

Here, the Court finds that the Bankruptcy Court acted within its discretion in concluding that the failure to appear at trial or file appropriate witness/exhibit lists was not the product of excusable neglect. First, and perhaps most significantly, during the final pretrial conference, Counsel specifically confirmed his availability for trial on August 12, 2010, and was specifically told of the deadline for filing witness/exhibit lists. (Doc. 1-15). Counsel's alleged failure to receive a subsequent, formal, written order from the Court does not excuse the incontestable fact that Counsel was made aware of these dates and specifically confirmed his availability for trial during the final pretrial conference.

Second, "Courts in this Circuit have reiterated the affirmative duty of monitoring a case's docket, and denying excusable neglect where . . . it is evident that lack of notice is the result of counsel's own inaction in failing to monitor the docket or review counsel's current address." *Yeschick v. Mineta*, No. 1:03-cv-2510, 2010 WL 2774310, *2 (N.D. Ohio Jul. 12, 2010) (citing *Kahn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365 (6th Cir.2007)); *see also Snyder v. Barry Realty, Inc.*, 60 Fed. Appx. 613, 615 (7th Cir. 2003) (stating that attorneys have a "duty to monitor their case[s] by regularly checking the court's docket").

The Sixth Circuit has detailed its reasoning behind this affirmative duty, stating that by allowing "parties to ignore entirely the electronic information at their fingertips would severely undermine the benefits for both courts and litigants fostered by the

-12-

CM/ECF system, including ease and speed of access to all the filings in a case." *Kuhn*, 498 F.3d at 371. Complying with the duty is as simple as "scan[ning] periodically the electronic docket for recent activity." *Id.*

Here, Counsel re-entered his appearance in the case three days before the scheduled final pretrial conference and mere weeks before trial was scheduled to commence on May 20, 2010. (Doc. 1-8). Although the Court orally continued trial during the final pretrial conference on May 13, 2010, the Bankruptcy Court also stated its intent to "prepare and issue an order continuing the trial, at least with respect to Mr. Wheat and his entity until August 12th, and set July 30th as the date for filing that witness list and exhibit list, and exhibits[.]" (Doc. 1-15). When Counsel did not receive any formal order within the days following the conference, and before the previously scheduled trial date, Counsel should have checked the online docket to confirm whether the Court entered a formal Order granting his requested continuance.

Further, while Counsel certainly portrays hectic months of July and August 2010, emails submitted by Appellants in support of their Motion evidence the fact that this case was certainly on his mind during that time and that Counsel was able to access the internet during that time.[7] (Doc. 1-23). The Court cannot find excusable neglect where Counsel, having orally assented to commencing trial within three months following his reappearance in the case, fails to check the online docket at any point within that time frame. *See e.g. Kuhn*, 498 F.3d at 372 (concluding that "[i]t exceeds the bounds of reason to say that a party who takes the unusual step of asking a court to promptly issue a written order may then disclaim all responsibility for taking any action to see if the request has been honored, especially where . . . all [one] had to do was check the online docket").

---

[7] Those exhibits show that Mr. Farmer attempted to send emails to Appellee's Counsel on July 8, 2010, and on July 27, 2010 (though at an incorrect email address).

The foregoing reasoning leads to the Court final conclusion that failure to receive notice of any filings by email does not amount to excusable neglect in this case. Counsel has a duty to assure that the contact information set forth in the CM/ECF system is updated with Counsel's most recent information. While the Court understands Mr. Farmer's position that his recent contact information was orally relayed to the Clerk of Court over the phone and also included on his Notice of Appearance, when Counsel failed to receive any notification of filings in the case soon after final pretrial conference, Counsel should have checked the online docket and confirmed that his contact information was correct.

Further, the CM/ECF User's Reference Manual, found on the Bankruptcy Court's webpage,[8] under the section titled "User Maintenance," states that:

> Non-court users can access their own account information through the Maintain Your ECF Account menu. **Using this option, participants can update** their name, **mailing and E-mail addresses**, phone and fax numbers, and password. **Users can therefore control the accuracy of their own information in a timely manner**.

(Emphasis added). The User's Reference Manual even contains a "module" showing how to specifically update addresses, email and "electronic noticing preferences[.]"

Accordingly, based on all of the foregoing, the Court concludes that the Bankruptcy Court did not abuse its discretion in finding the absence of excusable neglect.

## III. CONCLUSION

For all of the foregoing reasons, the arguments asserted by Appellants are **OVERRULED**, and the Orders of the Bankruptcy Court which are appealed herein are **AFFIRMED**. This case is hereby terminated on the docket of this Court.

---

[8] http://www.ohsb.uscourts.gov/ECF_Home/ECF_Users_Manual/ECF_Users_manual.aspx

**IT IS SO ORDERED.**

Date: 6/28/11

*Timothy S. Black*
Timothy S. Black
United States District Court